## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| IN RE: GOODRX AND PHARMACY BENEFIT MANAGER ANTITRUST LITIGATION (No. II) | )<br>)<br>)<br>)  C.A. No. 1:25-md-03148-MSM-LDA |
| This Document Applies To: | )<br>)  MDL No. 3148 |
| ALL CASES | )<br>)<br>)<br>) |

### PRELIMINARY CASE MANAGEMENT ORDER

Mary S. McElroy, United States District Judge.

This Preliminary Case Management Order, and subsequent such orders, shall govern the practice and procedure in those actions transferred to this Court by the United States Judicial Panel on Multidistrict Litigation by Transfer Order filed on April 17, 2025, and subsequent Transfer Orders. (ECF Nos. 1-4.)

To aid in the proper administration of this complex litigation, the Court orders the following:

I. **Preliminary Matters**

    **A.** All orders entered by the transferor courts imposing dates for pleading or discovery are hereby vacated.

    **B.** The defendants' obligations to answer or otherwise respond to the initial complaints in the transferred actions are stayed and shall remain stayed pending a scheduling order by this Court. Likewise, any discovery in these actions is stayed until further order of this Court, and the time

1

requirements to perform any acts or file any papers, pursuant to Federal Rules of Civil Procedure 26 through 37, are tolled until a discovery schedule is established by order of this Court.

## II.    Service List

This Order is being served upon the counsel whose appearances are listed on the docket of Case No. 1:25-md-03148-MSM-LDA.  Counsel who receive this Order are directed to forward a copy of it to other attorneys who filed appearances in cases that have been transferred to this Court and who are not listed on the docket of Case No. 1:25-md-03148-MSM-LDA.  Counsel who represent a party in a case transferred under the MDL who do not currently appear of record in this case should file their notices of appearances in this case.

## III.    Practice Before this Court

Pursuant to LR Gen 205(b)(1), attorneys in good standing in the bar of another federal court and representing a party in a transferred matter may appear before this Court without seeking *pro hac vice* admission and need not appear with local counsel.  All counsel, however, are expected to familiarize themselves with the Local Rules of the District of Rhode Island, which will apply in this case unless otherwise directed by the Court.

## IV.    Initial Conference

A. Counsel shall appear for an Initial Scheduling and Case Management Conference on **June 23, 2025, at 11:00 a.m.** via Zoom.  The Zoom login

information will be filed under a separate Notice of Conference. A party will not, by designating counsel to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service. Persons or entities who are not named as parties in this litigation but may later be joined as parties are invited to attend or designate counsel to represent their interests.

## B. Purpose and Agenda

1. The conference will be held for the purposes generally identified in Fed. R. Civ. P. 16 and 26(f).

2. *Meet and Confer Among Counsel.* Counsel are directed to meet, confer, and seek consensus regarding a proposed Scheduling Order and Case Management Plan to facilitate the just, speedy, and inexpensive determination of all pretrial matters. Counsel shall discuss all matters that are likely to be addressed at the Initial Conference, including the following:

   a. Overview of the case – each side shall have 10-15 minutes to summarize the case's merits/procedures, etc. Counsel shall determine who will present for each side;

   b. Expectations regarding additional cases to be consolidated;

3

c.    Discussion of the appointment of lead counsel and liaison counsel and discussion of whether appointment of separate lead counsel for different cases will be necessary;

d.    Schedule for filing of a consolidated complaint;

e.    Dates for defendants to file responsive pleadings (consolidated or otherwise) and/or Rule 12 motions.  If motions to dismiss will be filed, counsel shall be prepared to explain the basis for such motions at the Case Management Conference.

f.    Discussion of pending and/or anticipated motions;

g.    Discussion of discovery schedule;

h.    Discussion of the utilization of monthly status reports regarding progress of discovery, motions pending, settlement, etc. Additionally, whether the Court should set periodic status conferences and the suggested intervals between each.

i.    Whether a comprehensive protective order for the MDL cases is appropriate. If so, the parties should prepare an agreed upon order.

j.    Expert discovery – expected experts, Daubert issues;

k.    Class certification schedule and process;

l.    Settlement process, including timing and selection of a mediator;

m.    Other issues identified by counsel.

3. *Pre-Conference Statement of the Case.* Prior to the conference, counsel shall submit to the Court by email to the Court's Case Manager[1] (and not filed on CM/ECF) a brief, consolidated (one for plaintiffs; one for defendants) written statement indicating that their preliminary understanding of the facts involved and the critical factual and legal issues (not to exceed 10 pages). These statements are due by the close of business on **June 16, 2025**. These statements are meant to be an aid to the Court and are nonbinding, will not waive any claims or defenses, and may not be offered into evidence in later proceedings. These statements shall list any pending motions, and related cases, if any, currently pending in state or federal court, and their current status, if known.

V.    **Lead and Liaison Counsel**

The Court will appoint lead counsel from among counsel who have filed an action in this litigation. The duties of lead counsel are set forth in the *Manual for Complex Litigation*, Fourth Edition, § 40.22. Counsel for each plaintiff should immediately confer to discuss a proposed organizational structure and the selection of a plaintiffs' steering committee and lead, liaison, and/or coordinating counsel. If an agreement can be reached, counsel must include a recommended organizational structure and a list of all designated counsel in their Pre-Conference Statement of the Case.

---

[1] Carrie Potter: carrie_potter@rid.uscourts.gov

Alternatively, if an agreement cannot be reached, individual and separate applications for appointment of lead counsel must be submitted by email to the Court's Case Manager by the close of business on **June 16, 2025**. The parties should be prepared to discuss their applications and the counsel structure at the Initial Conference.

## VI. Caption and Filing Instructions

1. All documents filing in the MDL shall be filed electronically on the Court's CM/ECF system at ecf.rid.uscourts.gov

2. All documents filed in these actions shall be styled in the same manner as this Order, with the docket number 1:25-md-03418-MSM-LDA, and shall be filed only in that case. If the document relates to all actions, the docket number shall be followed with the notation "ALL CASES." If the document does not relate to all actions, the individual docket number(s) of those action(s) to which the document relates shall also be listed.

3. The Court expects to require the filing of a consolidated complaint and may make other directives to avoid and reduce duplicative filings. All counsel are expected to make every effort to avoid duplicate filings. Any filing in these matters that is substantially identical to any other filing in these matters shall be sufficient if it incorporates by reference the filing to which it is substantially identical. Where counsel for more than

one party intend to file substantially identical documents, they shall join in the submission of a single filing.

## VII.   Motion Practice

All requests for Court action, including extension requests and protective orders, must be by motion, and not by stipulation or notice.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

April 29, 2025