# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re GoodRx and Pharmacy Benefit Manager Antitrust Litigation (No. II)<br><br>This Document Applies To:<br><br>ALL CASES | Case No.: 1:25-md-03148-MSM-AEM<br><br>MDL No. 3148 |

### [PROPOSED] STIPULATED ORDER REGARDING THE EFFECT OF THE CONSOLIDATED COMPLAINT

This stipulated order (the "**Order**") is made as of October 31, 2025 by and among the parties to the above-captioned multidistrict litigation (the "**MDL**"), through their respective and duly authorized counsel of record.

### RECITALS

WHEREAS, between April 17, 2025 and May 8, 2025, thirty-two Related Actions were centralized in this Court for coordinated or consolidated pretrial proceedings.[1] There were thirty-nine plaintiffs in the Related Actions.

---

[1] "**Related Actions**" refers herein to *Keaveny Drug, Inc. v. GoodRx, Inc. et al.*, No. 2:24-cv-9379 (C.D. Cal.); *Community Care Pharmacy, LLC v. GoodRx, Inc. et al.*, No. 2:24-cv-9490 (C.D. Cal.); *Grey Dog IV v. GoodRx, Inc. et al.*, No. 2:24-cv-09858 (C.D. Cal.); *Minnesota Independent Pharmacists v. GoodRx, Inc. et al.*, No 2:24-cv-10297 (C.D. Cal.); *ESCO Drug Co. v. GoodRx, Inc. et al.*, No. 2:24-cv-10543 (C.D. Cal.); *CAAS, LLC v. GoodRx, Inc. et al.*, No. 2:24-cv-10899 (C.D. Cal.); *Philadelphia Association of Retail Druggists et al. v. GoodRx, Inc. et al.*, No. 2:24-cv-11023 (C.D. Cal.); C&H Pharmacy Inc. et al. v. GoodRx Holdings, Inc. et al., No. 2:25-cv-00082 (C.D. Cal.); *National Community Pharmacists Association v. GoodRx, Inc. et al.*, No. 2:25-cv-00585 (C.D. Cal.); *Gus' Pharmacy, LLC v. GoodRx, Inc. et al.*, No. 2:25-cv-00937 (C.D. Cal.); *C&M Pharmacy Inc. v. GoodRx, Inc. et al.*, No. 2:25-cv-01099 (C.D. Cal.); *PRNRX Professional Pharmacy Inc. v. GoodRx, Inc. et al.*, No. 2:25-cv-01918 (C.D. Cal.); *AIDS Healthcare Foundation v. GoodRx, Inc. et al.*, No. 2:25-cv-03380 (C.D. Cal.); *OneroRx, Inc. v. GoodRx, Inc. et al.*, No. 2:25-cv-04926 (C.D. Cal.); *Bueno Pharmacy LLC v. GoodRx, Inc. et al.*, No. 1:24-cv-00537 (D.R.I.); *SDDDC LLC v. GoodRx, Inc. et al.*, No. 1:24-cv-00550 (D.R.I.); *Lakhani Rx Inc. v. GoodRx, Inc. et al.*, No. 1:25-cv-00003 (D.R.I.); *Winships Prescription Center, Inc. v. GoodRx, Inc. et al.*, No. 1:25-cv-00037 (D.R.I.); *Ritchie Pharmacy, LLC v. GoodRx, Inc. et al.*, No. 1:25-cv-00193 (D.R.I.); *Mannino's*

WHEREAS, on April 29, 2025, the Court directed the parties to the MDL to meet and confer concerning, among other things, the "filing of a consolidated complaint." Preliminary Case Management Order No. 1 [ECF No. 5] at ¶ IV.B.2.d. The Court further indicated that it "expect[ed] to require the filing of a consolidated complaint . . . to avoid and reduce duplicative filings." *Id.* ¶ VI.3.

WHEREAS, on July 30, 2025, the parties stipulated to an August 18, 2025 deadline for the filing of a "Consolidated Amended Complaint." [Proposed] Interim Order for Limited Discovery and Preliminary Schedule [ECF No. 44].

WHEREAS, on August 11, 2025, the parties stipulated to an extension to September 15, 2025 for the filing of a "Consolidated Complaint." [Proposed] Stipulated Order Regarding Case Management Schedule [ECF No. 56].

WHEREAS, on September 15, 2025, certain plaintiffs filed a "Consolidated Class Action Complaint" [ECF No. 60-1] (the "**Consolidated Complaint**"). Six of thirty-nine plaintiffs were named in the Consolidated Complaint: Keaveny Drug, Inc.; Star Discount Pharmacy, Inc.; OneroRx, Inc.; AIDS Healthcare Foundation; National Community Pharmacists Association; and Philadelphia Association of Retail Druggists (the "**Named Plaintiffs**" and, each, a "**Named Plaintiff**").

---

*Family Practice Pharmacy v. GoodRx, Inc. et al.*, No. 1:25-cv-00285 (D.R.I.); *Pressman, Inc. v. GoodRx, Inc. et al.*, No. 1:25-cv-00115 (E.D.N.Y.); *Weston Pillbox Inc. v. GoodRx, Inc. et al.*, No. 3:25-cv-00063 (D. Conn.); *Booneville Pharmacy of MS, Inc. et al. v. GoodRx, Inc. et al.*, No. 3:25-cv-00180 (W.D. Wis.); *Capitol Heights Pharmacy v. GoodRx, Inc. et al.*, No. 1:25-cv-00849 (D. Colo.); *Melrose Pharmacy v. GoodRx, Inc. et al.*, No. 2:25-cv-00915 (D. Ariz.); *Northern Arizona Pharmacy v. GoodRx, Inc. et al.*, No. 3:25-cv-08069 (D. Ariz.); *Valley Health Care, LLC v. GoodRx Holdings, Inc. et al.*, No. 3:25-cv-00456 (N.D. Ala.); *C & C Drugs, Inc. v. CVS Caremark Corporation, et al.*, No. 2:25-cv-00041 (S.D. Miss.); *AMT Group v. CVS Caremark Corporation, et al.*, No. 3:25-cv-00225 (S.D. Miss.); *Southwest Pharmacy, Inc. et al. v. CVS Caremark Corporation et al.*, No. 5:25-cv-00031 (S.D. Miss.); *SuperCo Inc. v. CVS Caremark Corporation et al.*, No. 3:25-cv-00226 (S.D. Miss.); *Dao Pharmacy Inc. v. GoodRx, Inc. et al.*, No. 2:25-cv-01829 (E.D. Pa.)..

WHEREAS, thirty-three plaintiffs were not named in the Consolidated Complaint.[2]

WHEREAS, four new defendants were named in the Consolidated Complaint. Defendants CaremarkPCS Health, L.L.C., CaremarkPCS, L.L.C., and PCS Health Systems, Inc., are wholly owned subsidiaries of Defendant CVS Health Corporation. Defendant The Cigna Group is the parent company of Defendant Express Scripts Holding Company.

WHEREAS, this Order addresses the effect of the Consolidated Complaint on the underlying complaints filed by the Unnamed Plaintiffs and, further, is intended to streamline and simplify the operation and management of the MDL by reducing the need for the parties to file or respond to (or for the Court to decide) pretrial motions in multiple underlying actions. The Consolidated Complaint is intended to bring together common allegations and claims asserted by all plaintiffs in these MDL proceedings. The Consolidated Complaint has been, and will continue to be, a critical tool to organize and conduct motion practice, to address class certification (if applicable), and to manage the discovery process (if applicable).

**NOW, THEREFORE,** based upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby stipulated and agreed and, upon Court approval, it shall be ordered, as follows:

---

[2] Community Care Pharmacy, LLC; Grey Dog IV d/b/a Ethos Wellness/Pharmacy; Minnesota Independent Pharmacists; ESCO Drug Co.; CAAS, LLC d/b/a Harbor Pharmacy; Old Baltimore Pike Apothecary, Inc., T/A Southern Chester County Pharmacy; Smith's Pharmacy II, Inc., d/b/a Smith's Pharmacy; C&H Pharmacy d/b/a Hunnington Pharmacy; Propst Discount Drugs, Inc.; Reeves Drug Store; Gus' Pharmacy, LLC d/b/a Kennedy Pharmacy; C&M Pharmacy Inc., d/b/a Parvin's Pharmacy & Katz Pharmacy; PRNRX Professional Pharmacy Inc.; Bueno Pharmacy LLC; SDDDC LLC; Lakhani Rx Inc. d/b/a Garden Drug Pharmacy; Winships Prescription Center, Inc.; Ritchie Pharmacy, LLC; Pressman, Inc.; Weston Pillbox Inc.; Booneville Pharmacy of MS, Inc.; Byhalia Drug Company, LLC Okolona Pharmacy, LLC; Capitol Heights Pharmacy; Melrose Pharmacy; Northern Arizona Pharmacy; Valley Health Care LLC; C & C Drugs, Inc.; AMT Group d/b/a Helping Hand Family Pharmacy; Southwest Pharmacy, Inc. d/b/a Guy's Medical Center Pharmacy; Guy's Pharmacy of Tylertown; Guy's Pharmacy of Summit; Guy's Pharmacy of Brookhaven; Guy's Pharmacy of Hazlehurst; Guy's Pharmacy of Crystal Springs; SuperCo Inc. d/b/a Battlefield Discount Drugs; and Dao Pharmacy Inc.; Mannino's Family Practice Pharmacy (collectively, the "**Unnamed Plaintiffs**").

1. The Consolidated Complaint is the legally operative master complaint in these MDL proceedings and supersedes all previously filed complaints in this MDL, rendering them of no legal effect.

2. All plaintiffs in the Related Actions are bound by rulings made with respect to the Consolidated Complaint.

3. By stipulating to this Order or filing motions with respect to (or otherwise responding to) the Consolidated Complaint, the defendants in the MDL do not waive mandatory remand of the Related Actions to their transferor district courts. *See* 28 U.S.C. § 1407; *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40-41 (1998).

4. Defendants CaremarkPCS Health, L.L.C. and CaremarkPCS, L.L.C. agree to accept service through counsel of record for Defendant CVS Health Corporation as of October 28, 2025.[3] Defendant The Cigna Group agrees to accept service through counsel of record for Defendant Express Scripts Holding Company as of October 28, 2025. The parties will meet and confer as to dates for the service of corporate disclosures and Rule 26 initial disclosures.

5. By stipulating to this Order, agreeing to accept service, filing the Consolidated Complaint, or filing motions with respect to (or otherwise responding to) the Consolidated Complaint, as applicable, the parties to the MDL do not waive any arguments or rights that they have, including but not limited to any arguments or rights relating to compelling arbitration, venue, jurisdiction, and/or choice of law all of which are specifically reserved.

6. Stipulating to this Order does not waive any Defendant's right to compel arbitration or seek a stay pending that arbitration, each of which is specifically reserved.

---

[3] The parties agree and stipulate that PCS Health Systems, Inc. is dismissed without prejudice.

SO ORDERED.

Date: _____   _____
Providence, Rhode Island    Mary S. McElroy
                            United States District Judge

By: */s/ Donald A. Migliori*
    Donald A. Migliori
    dmigliori@motleyrice.com
    MOTLEY RICE LLC
    28 Bridgeside Blvd.,
    Mt. Pleasant, SC 29464
    Tel: 843-216-9241

    F. Franklin Amanat
    famanat@motleyrice.com
    MOTLEY RICE LLC
    800 Third Ave. Suite 2401,
    New York, NY 10022
    Tel: 212.577.0052

    Vincent L. Greene, IV
    vgreene@motleyrice.com
    MOTLEY RICE LLC
    40 Westminster Street, 5th Floor
    Providence, Rhode Island 02902
    Tel: 401.457.7730

    */s/ Heidi M. Silton*
    Heidi M. Silton
    Joseph C. Bourne
    LOCKRIDGE GRINDAL NAUEN PLLP
    100 Washington Avenue South, Suite 2200
    Minneapolis, MN 55401
    Tel: 612.339.6900
    hmsilton@locklaw.com
    jcbourne@locklaw.com

    */s/ David J. Ko*
    David J. Ko
    Rachel C. Bowanko
    dko@kellerrohrback.com
    rbowanko@kellerrohrback.com
    KELLER ROHRBACK
    1201 Third Avenue, Suite 3400
    Seattle, Washington 98101
    Tel: 206.428.0562

    *Plaintiffs' Interim Co-Lead Counsel*

By: */s/ Matthew T. Oliverio*
    Matthew T. Oliverio (#3372)
    OLIVERIO & MARCACCIO LLP
    30 Romano Vineyard Way
    North Kingstown, RI 02852
    Tel: 401-861-2900
    mto@om-rilaw.com

    David J. Lender
    Jennifer Brooks Crozier
    Alexandra Rose
    WEIL, GOTSHAL & MANGES, LLP
    767 Fifth Avenue
    New York, NY 10153
    david.lender@weil.com
    jennifer.crozier@weil.com
    alexandra.rose@weil.com

    David Ramraj Singh
    WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway, 4th Floor
    Redwood Shores, CA 94065-1134
    david.singh@weil.com

    *Attorneys for Defendants GoodRx, Inc. and GoodRx Holdings, Inc.*

    Alec Levy
    Mike Bonanno
    Meghan McCaffrey
    QUINN EMANUEL URQUHART & SULLIVAN LLP
    1300 I Street NW, Suite 900
    Washington, DC 20005
    aleclevy@quinnemanuel.com
    mikebonanno@quinneemanuel.com
    meghanmccaffrey@quinnemanuel.com

    Anthony P. Alden
    QUINN EMANUEL URQUHART & SULLIVAN LLP
    865 South Figueroa Street, 10th Floor
    Los Angeles, CA 90017-2543
    anthonyalden@quinnemanuel.com

John A. Tarantino (#2586)
jtarantino@apslaw.com
Nicole J. Benjamin (#7540)
nbenjamin@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

*Attorneys for Defendants Express Scripts, Inc.; Express Scripts Holding Company; and The Cigna Group*

Jonathan S. Tam
Kimberly O. Branscome
PAUL, WEISS, RIFKIND, WHARTON AND GARRISON LLP
2029 Century Park East, Suite 2000
Los Angeles, CA 90067
jtam@paulweiss.com
kbranscome@paulweiss.com

Jacqueline P. Rubin
Natalie M. Pita
PAUL WEISS RIFKIND WHARTON AND GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
jrubin@paulweiss.com
npita@paulweiss.com

Rebecca Briggs
HINCKLEY, ALLEN & SNYDER LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
rbriggs@hinckleyallen.com

*Attorneys for Defendants CaremarkPCS Health, L.L.C.; Caremark, L.L.C.; CaremarkPCS, L.L.C.; PCS Health Systems, Inc.; and CVS Health Corporation*

Robert J. Herrington
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
robert.herrington@gtlaw.com

Tonya Esposito
Greenberg Traurig, LLP.
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tonya.Esposito@gtlaw.com

James Peacock
Greenberg Traurig, LLP.
2200 Ross Ave., Suite 5200
Dallas, TX 75201
James.Peacock@gtlaw.com

Michael E. Jusczyk (#7791)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Michael.Jusczyk@gtlaw.com

*Attorneys for Defendant Navitus Health Solutions, LLC*

Michelle S. Lowery
MCDERMOTT WILL & SCHULTE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
mslowery@mwe.com

Richard Salgado
Marina S. Kelly
MCDERMOTT WILL & SCHULTE LLP
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
richard.salgado@mwe.com
mkelly@mwe.com

*Attorneys for Defendant MedImpact Healthcare Systems, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Rhode Island on the 31st day of October 2025 and is available for viewing and downloading from the Electronic Case Filing system. A copy of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to those indicated as nonregistered participants.

      */s/ Matthew T. Oliverio*