UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re GoodRx and Pharmacy Benefit Manager Antitrust Litigation (No. II)<br><br>This Document Applies To:<br><br>ALL CASES | Case No.: 1:25-md-03148-MSM-AEM<br><br>MDL No. 3148 |

**STIPULATED ORDER REGARDING THE EFFECT OF THE CONSOLIDATED COMPLAINT WITH RESPECT TO OPTUM**

This stipulated order is made on November 3, 2025, in the above-captioned multidistrict litigation (the "**MDL**"), by and among Plaintiffs[1] on the one hand and OptumRx, Inc., Optum, Inc., OptumRx Holdings, LLC, Optum Rx Administrative Services, LLC, and United Health Group (together, "**Optum**") on the other hand, through their respective and duly authorized counsel of record.

WHEREAS, between April 17, 2025 and May 8, 2025, thirty-two related actions were centralized in this Court for coordinated or consolidated pretrial proceedings (the "**Related Actions**"). There were thirty-nine plaintiffs in the Related Actions.

WHEREAS, on September 15, 2025, certain plaintiffs filed a "Consolidated Class Action Complaint" [ECF No. 60-1] (the "**Consolidated Complaint**"). Six of thirty-nine plaintiffs were named in the Consolidated Complaint: Keaveny Drug, Inc.; Star Discount Pharmacy, Inc.; OneroRx, Inc.; AIDS Healthcare Foundation; National Community Pharmacists Association; and Philadelphia Association of Retail Druggists (the "**Named Plaintiffs**"). Thirty-three plaintiffs

---

[1] "**Plaintiffs**" refers herein to both Named Plaintiffs and Unnamed Plaintiffs, as defined in this Order.

were not named in the Consolidated Complaint.[2] Optum was not named as a defendant in the Consolidated Complaint.

NOW, THEREFORE, it is hereby stipulated and agreed and, upon Court approval, it shall be ordered, as follows:

1. The Consolidated Complaint is the legally operative master complaint in these MDL proceedings. The Named Plaintiffs have superseded all previously filed complaints in this MDL through the Consolidated Complaint.

2. All allegations and claims against Optum (including claims against any parent, subsidiary, or affiliate) shall be dismissed without prejudice, including, but not limited to, all allegations and claims of any Unnamed Plaintiffs that asserted claims against Optum and all allegations and claims in any Related Actions that asserted claims against Optum.

SO ORDERED.

Date: 11/13/2025
Providence, Rhode Island

_____
Mary S. McElroy
United States District Judge

---

[2] Community Care Pharmacy, LLC; Grey Dog IV d/b/a Ethos Wellness/Pharmacy; Minnesota Independent Pharmacists; ESCO Drug Co.; CAAS, LLC d/b/a Harbor Pharmacy; Old Baltimore Pike Apothecary, Inc., T/A Southern Chester County Pharmacy; Smith's Pharmacy II, Inc., d/b/a Smith's Pharmacy; C&H Pharmacy d/b/a Hunnington Pharmacy; Propst Discount Drugs, Inc.; Reeves Drug Store; Gus' Pharmacy, LLC d/b/a Kennedy Pharmacy; C&M Pharmacy Inc., d/b/a Parvin's Pharmacy & Katz Pharmacy; PRNRX Professional Pharmacy Inc.; Bueno Pharmacy LLC; SDDDC LLC; Lakhani Rx Inc. d/b/a Garden Drug Pharmacy; Winships Prescription Center, Inc.; Ritchie Pharmacy, LLC; Pressman, Inc.; Weston Pillbox Inc.; Booneville Pharmacy of MS, Inc.; Byhalia Drug Company, LLC Okolona Pharmacy, LLC; Capitol Heights Pharmacy; Melrose Pharmacy; Northern Arizona Pharmacy; Valley Health Care LLC; C & C Drugs, Inc.; AMT Group d/b/a Helping Hand Family Pharmacy; Southwest Pharmacy, Inc. d/b/a Guy's Medical Center Pharmacy; Guy's Pharmacy of Tylertown; Guy's Pharmacy of Summit; Guy's Pharmacy of Brookhaven; Guy's Pharmacy of Hazlehurst; Guy's Pharmacy of Crystal Springs; SuperCo Inc. d/b/a Battlefield Discount Drugs; and Dao Pharmacy Inc.; Mannino's Family Practice Pharmacy (collectively, the "**Unnamed Plaintiffs**").