# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| IN RE: GOODRX AND PHARMACY BENEFIT MANAGER ANTITRUST LITIGATION (No. II)<br><br>This Document Applies To: ALL CASES | C.A. No. 1:25-md-03148-MSM-AEM<br><br>MDL No. 3148 |

## ORDER

Now pending before the Court are the parties' briefs in support of their proposed Protective Orders and ESI Protocols.  ECF Nos. 100, 101.  The parties jointly reached agreement on most topics and sought Court intervention on the remaining issues.  The matter was referred to me for determination and order.  Text Order (Jan. 6, 2026); *see* 28 U.S.C. § 636(b)(1)(A).  The Court heard argument on January 8, 2026.  At the hearing, the parties agreed to further confer and submit a joint statement regarding two issues:  the timeframe to object to custodians and search terms (ESI Protocol Section II.C.); and the timeframe to object to the assertion of privilege in a privilege log (ESI Protocol Section IV.B.).  The parties filed their Joint Status Report on January 16, 2026.  ECF No. 111.  Having reviewed the parties' filings, heard oral argument, and conducted independent research, the Court resolves the issues as follows:

## I. PROTECTIVE ORDER

### A. Section 2.f. - Authenticity Waiver for Certain Documents

The parties' disagreement as to Section 2.f. of the Protective Order centers on whether documents marked "confidential" or "highly confidential" should be automatically deemed authentic.  ECF No. 100-1 at 37; ECF No. 101-2 at 6.  Plaintiffs contend that if a document contains

such confidential information, then it's a "logical corollary" that the document is authentic.  ECF No. 101 at 4.  Defendants argue that authenticity and confidentiality are distinct concepts, and that any authenticity determinations are premature at this stage of the litigation.  ECF No. 100 at 5-6.  The Court agrees with Defendants that confidentiality and authenticity are distinct.  The Court therefore DENIES Plaintiffs' request to include the proposed language concerning authenticity.

### B.  Section 9.a.ii. – Redactions Based on Relevance

As to Section 9.a.ii., Defendants seek the ability to redact information that is "neither relevant nor responsive," but disclosure of which "would risk substantial competitive or other harm."  ECF No. 100 at 8.  The Court agrees with Plaintiffs that universal relevance redactions are "unworkable" and not provided for under the Federal Rules.  ECF No. 101 at 2.  As such, the Court DENIES Defendants' request to include this language.[1]

### II.    ESI PROTOCOL

### A. Sections II.B., II.C., and IV.A.4. – Transparency and Cooperation v. Discovery on Discovery

What Plaintiffs consider "Transparency and Cooperation," Defendants deem "Rigid Requirements for Production of Discovery on Discovery."  ECF No. 101 at 5-8; ECF No. 100 at 6-7.  The Court considered the parties arguments and competing proposals for language in Sections II.B., Sources of Discoverable Information, and II.C., Filtering Technologies and Methodologies.

---

[1] The Court notes that Defendants seek to include the word "relevance" in Section IV.B.7. of the ESI Protocol (ECF No. 100-2 at 42) but did not find arguments from either party on this point. The Court does not see any utility in having "relevance" in this section, so Defendants' request for the addition of the word is DENIED.

ECF No. 100 at 6-7; ECF No. 100-2 at 26-28; ECF No. 101-4 at 2-5. The revised sections II.B. and II.C. below reflect the Court's decisions on these matters:

### II.B.    Sources of Discoverable Information.

In order to facilitate discussions on the potential application of search terms, TAR, or other search and culling technologies, each Party shall work cooperatively and in good faith to provide in writing a list of custodians and non-custodial data sources within that Party's control likely to contain or possess responsive documents. If requested, each Party shall provide this information within forty-five (45) days of receipt of a discovery request from an opposing Party, though this deadline may be extended by agreement of the Parties, and reasonable requests for extensions of time shall not be refused.

Notwithstanding the foregoing language, the Parties shall begin discussions on potential search and culling technologies through the meet and confer process prior to providing any written list. Parties shall also meet and confer if any Party reasonably believes that there are additional custodians or data sources likely to contain or possess unique, responsive information that should be subject to discovery in this matter.

### II.C.    Filtering Technologies and Methodologies

The Parties agree that each Producing Party will take reasonable steps to identify, review, and produce relevant Documents. If a Producing Party elects to use search terms to identify potentially responsive Documents, it shall identify to the Party requesting production of Documents ("Requesting Party") an initial list of search terms and custodians that are likely to possess responsive Documents. If the Requesting Party would like to amend or add any terms or custodians, the Requesting Party must provide those suggestions within fifty (50) days of receiving the list from the Producing Party. After the suggested changes have been provided, the Parties will meet and confer regarding those requested changes proposed by the Requesting Party. The Producing Party will also provide an exchange of information that includes, where relevant: semantic synonyms, code words, acronyms, abbreviations, nonlanguage alphanumeric associational references to relevant ESI, any hit count reports, data dictionaries, and any other information agreed to by the Parties. Following the receipt of such any such list, the Parties will meet and confer. To the extent the Parties cannot reach agreement on the application of, or

procedures for, any search or filtering processes, the Parties may raise such issues for resolution by the Court or its designee.

In addition, to the extent a Party intends to apply TAR to exclude potentially responsive documents from human review, that Party shall meet and confer in advance of when the Party intends to apply TAR. That meet and confer shall include a discussion of the document population to which the Producing Party intends to apply TAR, the appropriateness of applying TAR to that population, and the methods and measures that will be used to ensure appropriate use of TAR and validation of its results. To the extent the Parties cannot reach agreement on the application of, or procedures for, any TAR process used to exclude potentially responsive documents from human review, the Parties may raise such issues for resolution by the Court.

If there are documents which are reasonably believed to be responsive and for which text-based search technologies are fundamentally ineffective, such as images, spreadsheets, or hard copy documents, then prior to the production of such unsearchable items the Parties shall meet and confer regarding how such documents must be reviewed and produced. To the extent the Parties cannot reach agreement on how such documents shall be reviewed and produced, the Parties may raise such issues for resolution by the Court.

As to Section IV.A.4., the Court GRANTS Plaintiffs' request and their proposed language shall be added to the ESI Protocol.

## B. Section II.C. – Sedona Principle 6

Defendants advocate for the inclusion of specific language that they deem a "central pillar of modern e-discovery" in the ESI Protocol. ECF No. 100 at 11-12. The Court agrees with Plaintiffs that such language is unnecessary and DENIES Defendants' request to include the proposed language.

## C. Section II.C. – Time Limit on Objections to Custodians and Search Terms

The parties initially disagreed on a time limit for objections to custodians and search terms, but after hearing reached agreement that fifty (50) days was an appropriate time limit. The Court included this time limit in the Section II.C. language above.

### D.  Section III.B. – Email Threading

Defendants contend that "producing emails as threads" is a routine practice that should be permitted in this litigation.  ECF No. 100 at 9-10.  Plaintiffs posit that this would "deprive [them] of important metadata needed to effectively search produced documents."  ECF No. 101 at 8. Because the Court finds Plaintiffs' argument persuasive, Plaintiffs' proposed language shall be included in the ESI Protocol and Defendants' will not.

### E.  Section IV.B.5. – Redactions Based on Relevance

The parties' arguments regarding redactions on relevancy grounds are the same for both the Protective Order and the ESI Protocol.  Accordingly, the Court DENIES Defendants' request to include the proposed language.

### F.  Section IV.B. – Log for Redacted Privileged Documents

In Section IV.B., the parties' disagreement is twofold:  whether Defendants should be required to create a privilege log for redacted documents; and the timeframe within which to object to the assertion of privilege.  First, with respect to the creation of a privilege log, Defendants seeks the addition of language (Section IV.B.6.) that would exclude from the privilege log documents redacted for privilege.  ECF No. 100-2 at 42.  Defendants contend that the redacted documents themselves contain sufficient information to discern the privilege asserted.  ECF No. 100 at 11. Plaintiffs oppose the exclusion of such documents from the privilege log, arguing that "Defendants should be required to log all documents withheld or redacted on the basis of privilege in a privilege log in accordance with Federal Rule of Civil Procedure 26."  ECF No. 101 at 11.  The Court finds

that documents withheld both in their entirety and in part must be included in the privilege log. Accordingly, the Court DENIES Defendants' request to include their proposed paragraph IV.B.6.

Second, the parties have agreed that the deadline to challenge the assertion of privilege will be 100 (one hundred) days after the production of the privilege log and the parties will "meet and confer concerning any extensions to that deadline where either the timing, number, and/or volume of such log productions establish that additional time is warranted." ECF No. 111 at 1. The ESI Protocol shall be modified accordingly.

The parties shall work cooperatively over the next week to revise the Protective Order and ESI Protocol to comply with this Order. The parties shall both file a final Protective Order and final ESI Protocol on the docket and email word versions to Deputy Clerk Jeannine Noel (Jeannine_Noel@rid.uscourts.gov) no later than February 4, 2026.


 /s/  Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

January 27, 2026