**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IN RE: GOODRX AND PHARMACY BENEFIT MANAGER ANTITRUST LITIGATION (NO. II)<br><br>This Document Relates To:<br><br>ALL CASES | Case No.: 1:25-md-03148-MSM-AEM<br><br>MDL No. 3148 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority to advise the Court of a July 29, 2026 decision—*Cornish-Adebiyi et al. v. Caesars Ent., Inc. et al.*, No. 24-3006, ECF No. 114 (3d Cir. July 29, 2026)—that is relevant to Defendants' fully briefed Motions to Dismiss. The Third Circuit reversed and remanded the dismissal of a complaint alleging a price-fixing conspiracy under Section 1 of the Sherman Act, holding that the casino-hotel guest plaintiffs' allegations were sufficient to support a finding that the casino-hotel defendants conspired to fix prices of hotel rooms through their algorithmic software provider, Cendyn Group, LLC.

The Third Circuit held that the plaintiffs alleged that the casino-hotels "collectively agreed to charge the… rates recommended by Cendyn's Rainmaker software," which was "a 'stark change from how [casino-hotels] independently priced rooms for years,'" and that they accepted Cendyn's pricing recommendations 90 percent of the time. ECF No. 114, at 9-10, 9, 28. Plaintiffs alleged "that each casino-hotel knew and 'understood' that 'the recommended room rates they were receiving from [Cendyn's software] were based on… data [that] they and their co-defendants all were providing to the platform.'" *Id.* at 37. The court held that the plaintiffs "allege[d] that, although the casino-hotels started using Rainmaker products at various times preceding the class

period (as early as 2004 and as recently as 2018), all of them were using Rainmaker's prescriptive algorithm for their pricing decisions by the start of the class period." *Id.* at 21. The court further explained that "software can facilitate collusion by enabling competitors to coordinate prices and share information without ever communicating with each other." *Id.* at 18.

The decision, which contains holdings and analysis relevant to this case, is attached as Exhibit A for the Court's convenience.

Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN PLLP

*s/Joseph C. Bourne*

Heidi M. Silton (MN #025759X)
Joseph C. Bourne (MN #0389922)
Kira Q. Le (MN # 0505681)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
jcbourne@locklaw.com
kqle@locklaw.com

David J. Ko
Rachel C. Bowanko
KELLER ROHRBACK
1201 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 428-0562
dko@kellerrohrback.com
rbowanko@kellerrohrback.com

Donald A. Migliori
MOTLEY RICE LLC
28 Bridgeside Blvd.,
Mt. Pleasant, SC 29464
(843) 216-9241
dmigliori@motleyrice.com

F. Franklin Amanat
MOTLEY RICE LLC
800 Third Ave. Suite 2401
New York, NY 10022
(212) 577-0052
famanat@motleyrice.com

Vincent L. Greene, IV
MOTLEY RICE LLC
40 Westminster Street, 5th Floor
Providence, RI 02902
(401) 457-7730
vgreene@motleyrice.com

*Plaintiffs' Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on August 7, 2026, notification of which will be sent electronically to all participants registered with the ECF system for this case.

*s/Joseph C. Bourne*
Joseph C. Bourne (MN #0389922)